UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE LUIZ COSTA SOARES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. JANECKA, et al.,<br><br>　　　　　　Defendants. | Case No. 5:20-cv-00264-ODW-JC<br><br>MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT AND ACTION |

　　　　On February 10, 2020, *pro se* plaintiff Andre Luiz Costa Soares, who was then an immigration detainee in the custody of the Immigration and Customs Enforcement at the Adelanto Detention Facility, filed a verified Civil Rights Complaint ("Complaint") pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), against multiple defendants seeking, *inter alia*, his release from immigration detention.

　　　　On June 16, 2021, respondents in Costa Soares v. Wolf, et al., C.D. Cal. Case No. 5:20-cv-02214-ODW-JC ("2214 Case"), filed a notice in such action informing the Court that plaintiff had been released from immigration custody on

///

///

April 2, 2021.  See 2214 Case Docket No. 29.[1]  On July 16, 2021, the Court issued an order ("July 16 Order") in four of plaintiff's pending cases, including this case, requiring plaintiff to notify the Court whether he wished to pursue his cases in light of his release.  (Docket No. 8).  The July 16 Order expressly cautioned plaintiff in bold-faced print that "**the failure timely to respond to [the July 16 Order] may result in the dismissal of one or more of the four above-captioned cases [including the instant case] for failure to prosecute and/or failure to comply with [the July 16 Order].**"  (Docket No. 8).

The copy of the July 16 Order that had been sent to plaintiff at his then address of record was returned, so on July 27, 2021, the Court directed the Clerk to update plaintiff's address to the address he has been using since his release from immigration custody ("plaintiff's current address")[2] and to resend him the July 16 Order, and extended plaintiff's deadline to respond there to August 10, 2021 ("July 27 Order").  (Docket Nos. 9-10).  The July 27 Order likewise cautioned plaintiff that "**the failure timely to respond to the [July 16 Order] by the extended deadline set in the [July 27 Order] may result in the dismissal of one or more of the four above-captioned cases [including the instant case] for failure to prosecute and/or failure to comply with the [July 16 Order] as extended by the [July 20 Order].**"  (Docket No. 9).  As the July 27 Order (and the July 16

---

[1] The Court takes judicial notice of plaintiff's numerous other federal actions.  See Fed. R. Evid. 201(c); Harris v. County of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) ("We may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts.") (citation omitted).

[2] More specifically, plaintiff's current address – 7095 Hollywood Boulevard, Suite 348 Los Angeles, CA 90028 – has been used by plaintiff between July 2021 and September 2021 in at least the following actions:  (1) Malibu Entertainment ALCS LLC, et al. v. Bank of the West, et al., C.D. Cal. Case No. 2:21-cv-5934-AB-GJS ("Malibu Entertainment"); and (2) Andre Luiz Costa Soares v. U.S. Department of Homeland Security, C.D. Cal. Case No. 5:21-cv-01220-ODW-JC ("1220 Case").  See Malibu Entertainment Docket Nos. 1, 11 16 (plaintiff's filings between July 22, 2021 and September 13, 2021); 1220 Case Docket Nos. 1, 2, 6, 10 (plaintiff's/petitioner's filings between July 22, 2021 and September 9, 2021).

Order attached thereto) which were sent to plaintiff's current address have not been returned, and as plaintiff has affirmatively been using plaintiff's current address and filing documents in other cases between July 2021 and September 2021, the Court presumes plaintiff received the July 27 Order (and the July 16 Order attached thereto).

Plaintiff's deadline to file a response to the July 16 Order as extended by the July 27 Order expired more than two months ago. To date, plaintiff has not filed a response or a request for an extension of time to do so. Indeed, plaintiff has not filed anything in this action since April 1, 2020. (Docket No. 6). Since plaintiff has actively participated in at least two other actions by filing documents between July 2021 and September 2021 (see supra note 2), it is reasonable to infer that plaintiff has intentionally failed to respond to the July 16 Order (as extended by the July 27 Order) and has abandoned his pursuit of the instant action.

It is well-established that a district court may *sua sponte* dismiss an action where the plaintiff has failed to comply with a court order and/or unreasonably failed to prosecute. See Fed. R. Civ. P. 41(b) (permitting dismissal "[i]f the plaintiff fails to prosecute or to comply with . . . a court order"); Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962) (permitting district courts *sua sponte* to dismiss actions based on the failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended) (permitting district courts to dismiss actions based on failure to comply with court order), cert. denied, 506 U.S. 915 (1992); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district court may *sua sponte* dismiss action for an unreasonable failure to prosecute).

In determining whether to dismiss an action for failure to prosecute or failure to comply with court orders, a district court must consider several factors, namely (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).  Dismissal is appropriate under the foregoing analysis "where at least four factors support dismissal . . . or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

      Here, dismissal is appropriate based on plaintiff's failure to comply with the July 17 Order (as extended by the July 27 Order) and the failure to prosecute.  The Court has considered the five factors discussed above – the public's interest in expeditious resolution of litigation, the court's need to manage its docket, the risk of prejudice to defendants, the public policy favoring disposition of cases on their merits, and the availability of less drastic alternatives.  The first two factors – the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket – strongly weigh in favor of dismissal.  As noted above, plaintiff – who has been released – has been directed to notify the Court whether, in light of such release, he wishes to continue to pursue this action in which he seeks his release, and plaintiff has not responded.  The third factor, risk of prejudice to defendants, also weighs strongly in favor of dismissal.  See Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (prejudice to defendants presumed from unreasonable delay) (citation omitted).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein – particularly since the matter appears to be moot at least to the extent it seeks plaintiff's release.  As for the fifth factor, since plaintiff has already been cautioned of the consequences of his failure to prosecute and his failure to comply with the July 16 Order (as extended by the July 27 Order) and plaintiff has been afforded the opportunity to avoid the consequence of dismissal by responding but has done nothing, no sanction lesser than dismissal is feasible.

IT IS THEREFORE ORDERED that this action is dismissed based on plaintiff's unreasonable failure to prosecute and his failure to comply with the July 16 Order (as extended by the July 27 Order).

IT IS SO ORDERED.

DATED: March 17, 2022

_____
HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE